IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC., | § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | C.A. NO. 5:16-cv-254 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332 and 1446(a), **Philadelphia Indemnity Insurance Company**, Defendant in the above-styled case, files this Notice of Removal from the District Court of Bexar County, Texas, 408th Judicial District, to the United States District Court for the Western District of Texas, San Antonio Division, and in support states as follows:

### INTRODUCTION

1.  Plaintiff is Woodlawn Christian Church of San Antonio, Inc. ("Plaintiff").

2.  Defendant is Philadelphia Indemnity Insurance Company ("Defendant").

3.  On February 2, 2016, Plaintiff filed suit against Defendant. *See* Plaintiff's Original Petition, attached as **Exhibit A**. Plaintiff has asserted causes of action arising under Texas law for breach of contract and for violation of provisions of chapter 542 of the Texas Insurance Code. *See* Exhibit A.

4.  Defendant first learned of the existence of Plaintiff's lawsuit on February 22, 2016, when the undersigned attorney for Defendant checked the Bexar County District Clerk's website, but that showed only the cause number and parties to the lawsuit. Plaintiff did not obtain service of Plaintiff's Original Petition until February 29, 2016, when that instrument and

citation were served upon Defendant's designated agent for service in the State of Texas. *See* Service of Process Transmittal and envelope by which Plaintiff's Original Petition was mailed to Defendant's designated agent for service, CT Corporation Systems, true and correct copies of which are attached as **Exhibit B**. Defendant is therefore timely filing this Notice of Removal in compliance with 28 U.S.C. § 1446(b).

## VENUE IS PROPER

5.      Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Bexar County, Texas, the county in which the state court action is pending. Moreover, in February 2013, Plaintiff previously filed a lawsuit against Defendant in state district court arising out of the same operative facts. Defendant removed that lawsuit, which the District Clerk then assigned to the Honorable Xavier Rodriguez. (*See* Civil Action No. 5:14-cv-00334-XR). Judge Rodriguez held two status conferences and ruled on several motions before Plaintiff voluntarily dismissed the case on December 9, 2015. On February 2, 2016, Plaintiff re-filed the case in state court.

## BASIS FOR REMOVAL

6.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

**A.     Complete Diversity of Citizenship Exists.**

7.      Plaintiff is a Texas non-profit corporation that maintains its principal place of business in Bexar County, Texas. *See* Exhibit A, ¶ A, at 1.

8.      Defendant is a corporation organized and existing under the laws of the State of Pennsylvania. Defendant maintains its principal place of business in Pennsylvania. *See* Exhibit

A, ¶ B, at 2 (alleging that Defendant "is a foreign insurance company" that "is or is believed to be incorporated or organized under and existing pursuant to the laws of the State of Pennsylvania); *see also* Affidavit of Eugene Angiolillo, attached as **Exhibit C** (attesting to the facts that Defendant is incorporated in Pennsylvania and maintains its principal place of business in that state).

9. Complete diversity of citizenship therefore exists between all plaintiffs and all defendants.

B. **The Amount in Controversy Exceeds $75,000.**

10. Plaintiff's Original Petition alleges actual damages on Plaintiff's property claim (the "costs of restoration") of "*at least the sum of $2,000,000.00.*" *See* Exhibit A, § X.

11. Plaintiff separately pleads the following damages, which total at least $2,400,000.00 in claimed actual damages:

> "(1) cost of repairs, replacement parts, materials, and related services, supplies, paint, and labor, and construction and restoration management fees to restore or repair the structure and interior of the Plaintiff's business property . . . in the sum of at least $2,000,000.00;
>
> (2) cost of temporary repairs and measures taken to mitigate the damage to the Plaintiff's business property . . . in the sum of at least $25,000.00;
>
> (3) cost of replacement of the contents of the Plaintiff's business property . . . in the sum of at least $250,000.00;
>
> (4) additional expenses in the sum of at least $125,000.00;
>
> (5) additional cost of repairs, replacement parts, materials, and related services, supplies, paint, and labor, and construction and restoration management fees to restore or repair the structure and interior of the Plaintiff's business property . . . [in an unspecified amount];

  (6) Loss of contributions in the past [in an unspecified amount]; and

  (7) Loss of contributions which, in all reasonable probability, will be suffered in the future [in an unspecified amount].

*See* Exhibit A, § XV, at 9.

12. Although Plaintiff has only sued Defendant for breach of contract and for the 18% "delay penalty" under the Prompt Payment of Claims Act codified at chapter 542 of the Texas Insurance Code, Plaintiff also pleads for "punitive or exemplary damages." *See* Exhibit A, § XIV, at 8.

13. Based on the foregoing, Plaintiff claims damages, exclusive of interest and attorney's fees, well in excess of the statutory minimum of $75,000.00.

## C. Removal Is Appropriate Under the Court's Diversity Jurisdiction.

14. In light of these facts, the state court claim may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1332 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states or, alternatively, this action is between citizens of a State and citizens or subjects of a foreign state; and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

15. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record.  Further, Defendant is filing a copy of this Notice of Removal with the Clerk of the 408th Judicial District Court of Bexar County, Texas, where this action was commenced.

16.     Defendant is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Western District of Texas Local Rule 81.1: (a) a completed civil cover sheet, JS-44; (b) an index of all documents that identifies each document and indicates the date the document was filed in state court, and copies of each such document (**Exhibit D**); (c) all executed process in the case (*see* **Exhibit B**); a copy of the docket sheet in the state court action (**Exhibit E**); and (d) a list of all counsel of record and parties represented (**Exhibit F**).

## OTHER REMOVAL MATTERS

17.     A true and correct copy of all processes, pleadings, and the order served upon Defendant in the state court action are being filed with this Notice of Removal, as required by 28 U.S.C. § 1446(a).

## CONCLUSION

18.     Defendant gives notice to the Court of their removal of the above-captioned action from the 408th Judicial District Court of Bexar County, Texas, and request that further proceedings be conducted in the United States District Court for the Western District of Texas, San Antonio Division, as provided by law.

Dated: March 11, 2016

Respectfully submitted,

   /s/  *Michael Ridulfo*
Michael P. Ridulfo
Texas Bar No. 16902020
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Rd., 10th Floor
Houston, Texas  77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
E-mail:  mridulfo@krcl.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE COMPANY

**OF COUNSEL:**

William R. Pilat
Texas Bar No. 00788205
Admission Pro Hac Vice Pending
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Rd., 10th Floor
Houston, Texas  77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
E-mail:  wpilat@krcl.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2016, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, via e-Filing, e-mail, facsimile and/or certified mail, return receipt requested:

   Hugo Xavier de los Santos
   900 Vance Jackson Road
   San Antonio, Texas  78201

   /s/  *Michael P. Ridulfo*
Michael P. Ridulfo