# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC. | § § § | |
| VS. | § § | C.A. NO. 5:16-cv-254 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § | |

*ON REMOVAL FROM:*

CAUSE NO. 2016-CI-01751

| | | |
|---|---|---|
| WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC. | § § § | IN THE DISTRICT COURT |
| VS. | § § | BEXAR COUNTY, TEXAS |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § | 408TH JUDICIAL DISTRICT |

EXHIBIT "A"

<u>PLAINTIFF'S ORIGINAL PETITION
IN STATE COURT ACTION</u>

FILED
2/2/2016 6:00:45 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

CITPPS/SAC2

## 2016CI01751

| | | |
|---|---|---|
| No. _____ | | |
| WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC., <br> Plaintiff | § § § § § § § § § § | In the District Court of <br><br> Bexar County, Texas <br><br> 408 <br><br> ____ Judicial District |
| v. | | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br> Defendant | | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC., plaintiff in the above numbered and styled cause, complaining of PHILADELPHIA INDEMNITY INSURANCE COMPANY, defendant herein, and for cause of action would respectfully show the court and jury the following:

### I.
### LEVEL III DISCOVERY

Discovery in this action is to be conducted pursuant to Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### THE PARTIES

*Plaintiff:*

A. Plaintiff WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC. [hereinafter sometimes referred to as "WOODLAWN CHRISTIAN CHURCH" and/or "the CHURCH"] is a non-profit corporation duly organized and existing pursuant to the laws of the state of Texas, having its principal place of worship located at 1744 W. Gramercy, San Antonio, Texas.

PLAINTIFF'S ORIGINAL PETITION                                                                JURY

*Defendant*:

B. Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY [PIIC INSURANCE COMPANY] is a foreign corporation, association, partnership, venture or other form of entity that does business within the state of Texas, selling insurance. Said Defendant PIIC INSURANCE COMPANY holds itself out to be licensed and authorized by the Texas Department of Insurance to conduct the business of insurance within the state of Texas and to sell insurance policies in the geographical territory of the state of Texas. Said Defendant PIIC INSURANCE COMPANY does business as "PHILADELPHIA INSURANCE COMPANIES" and also as "TOKIO MARINE GROUP" throughout the state of Texas. Said Defendant PIIC INSURANCE COMPANY is or is believed to be incorporated or organized under and existing pursuant to the laws of the State of Pennsylvania and may be served with citation by serving its registered agent for service, CT Corporation System, at its registered office, 1999 Bryan St. #900, Dallas, Dallas County, Texas 75201-3136.

III.

WOODLAWN CHRISTIAN CHURCH, Plaintiff, brings this suit to recover damages sustained by plaintiff in Bexar County, Texas, on or about February 3, 2012. These damages were caused by a covered casualty loss suffered by Plaintiff on the aforesaid date and/or by the breach of contract, negligence and/or wrongful, tortious conduct of the Defendant.

PLAINTIFF'S ORIGINAL PETITION                                                                 JURY

## IV.
## VENUE

Venue is proper and mandatory in Bexar County, Texas, and being the county in which the agreement upon which this action is based is to be performed, and being the county in which the *res* made the subject of this action is situated.

## V.
## THE *RES* / INSURED PREMISES

The property that is the subject of this litigation is situated and located in Bexar County, Texas. The said real property is owned by WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC., and it is located at and commonly known as 1744 W. Gramercy Place, San Antonio, Bexar County, Texas 78201. The said realty is more fully described as follows:

> Lot Numbers Seventeen (17), Eighteen (18), Thirty-Three (33), Thirty-Four (34), and Thirty-Five (35), Block Number Thirty-Four (34), New City Block One Thousand Nine Hundred Thirty-Six (1936), situated within the corporate limits of the City of San Antonio, Bexar County, Texas, as per plat at Volume 642, age 125 of the Deed and Plat (Official) Records of Bexar County, Texas.

The above described real property is hereinafter sometimes referred to as "*the Insured Premises*".

## VI.
## THE INSURANCE POLICY

Defendant PIIC INSURANCE COMPANY sold and issued a policy of insurance to WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC., to wit policy number PHPK798727, PHPK787553 and PHUB362848, naming WOODLAWN CHRISTIAN CHURCH as the named insured.

## VII.
## THE FEBRUARY 3, 2012, COVERED LOSSES

On February 3, 2012, WOODLAWN CHRISTIAN CHURCH sustained a

covered casualty loss at *the Insured Premises*. On that day, a devastating storm destroyed and/or substantially damaged the CHURCH's buildings (the *res*) and contents, including the building and its contents all of which were expressly covered by the policy of insurance sold to the CHURCH by Defendant PIIC INSURANCE COMPANY.

## VIII.

Plaintiff promptly notified Defendant of the February 3, 2012, loss and requested that Defendant make prompt payment to cover the damages sustained by Plaintiff all of which were covered pursuant to the terms of the insurance policy Defendant sold to Plaintiff.

## IX.

Defendant PIIC INSURANCE COMPANY, however, unreasonably delayed, taking far more than the customary time that casualty insurers respond to property / business owners to inspect casualty losses like the one suffered by Plaintiff on February 3, 2012, and further delayed making payment on the claim, failed to pay the full extent of the Plaintiff's building loss, and failed to cover the full amount of the damaged contents as a result of the loss far exceeding the insufficient limits sold, provided or extended by the Defendant. Defendant failed to fully pay or advance additional expenses or loss of business income as is customary and contractually required by the policy of insurance sold by Defendant to Plaintiff.

Eventually, after numerous telephone calls by WOODLAWN CHRISTIAN CHURCH beseeching PIIC INSURANCE COMPANY to make good on the benefits it promised to provide, and after weeks of delay, PIIC INSURANCE COMPANY sent its adjuster/investigator on its behalf to the Plaintiff's property.

PLAINTIFF'S ORIGINAL PETITION                                              JURY

This first individual sent by Defendant brought his brother in law with him, and said he was denying the claim on the spot and tried to sell a new roof job to the Plaintiff. This individual stated that if the CHURCH ever wanted to have any claims paid, the CHURCH needed to have his associate (brother in law) whom this individual stated was willing to do the job for cheap, install a new roof; however, defendant PIIC INSURANCE COMPANY would not pay anything for the casualty loss of February 3, 2012. When Plaintiff spoke to PIIC INSURANCE COMPANY, the representative on the phone disavowed the claims adjuster it had sent, and thereupon promised and represented it would send another highly trained and qualified adjuster to make good on the claim.

Eventually, after additional months of delay, a second individual arrived holding himself out as an agent of PIIC INSURANCE COMPANY. The adjuster photographed the premises and contents, and documented the destruction caused by the storm. Although Defendant knew the full and complete nature and extent of the CHURCH's losses, Defendant PIIC INSURANCE COMPANY, however, failed and refused to provide the CHURCH with the full and complete benefits of the subject insurance policy that Defendant PIIC INSURANCE COMPANY sold to the CHURCH and for which Defendant collected and earned premiums paid for by the CHURCH.

X.

Moreover, as a direct and proximate result of the said storm, the CHURCH further suffered losses of other personal property and the CHURCH incurred extra expenses and had a loss of valuable papers and records, and damages were sustained to the building and structures at the insured premises. The CHURCH further, as a direct and proximate result of the said casualty loss

of February 3, 2012, incurred losses associated with debris removal, preservation of property, extra expenses and the restoration, research or replacement of valuable papers and records. The costs of restoration of the CHURCH's business property (the *res / the Insured Premises*) alone are equal to at least the sum of $2,000,000.00.

## XI.

Despite CHURCH's demand for specific performance, defendant PIIC INSURANCE COMPANY breached its agreement and has failed and refused to fulfill its obligations under the contract. In addition, defendant PIIC INSURANCE COMPANY unreasonably delayed and employed tactics designed or intended to unreasonably delay the claims process, causing injury and damage to the CHURCH, all in violation of Defendant PIIC INSURANCE COMPANY's legal obligations owed to the CHURCH.

## XII.

Through the date of this action, Defendant has refused and still refuse to pay the CHURCH the full benefits due under the insurance policy made the subject of this action, including sums necessary for the repair and restoration of the CHURCH's business premises, the CHURCH's covered business furnishings and fixtures, and contents at the *Insured Premises* that were damaged, ruined or destroyed by the casualty loss of February 3, 2012, additional expenses, replacement of CHURCH's records and papers, for extra expenses and removal of debris, all of which occurred as a direct and proximate result of the February 3, 2012, casualty loss. The CHURCH has heretofore made demand on the Defendant for payment of such losses and the CHURCH has timely filed the appropriate proofs of claims with the Defendant, but the Defendant has continued

to refuse to pay such losses.

## XIII.

The Defendant failed to pay as demanded and the CHURCH was compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. The CHURCH is entitled, under the statutes of the State of Texas, *e.g.* §542.060 Tex.Ins.Code, to recover from Defendant an additional sum equal to at least EIGHTEEN PERCENT (18%) of the amount payable under the policy, together with a reasonable sum for the necessary services of the CHURCH's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas. The CHURCH is further entitled to recover from Defendant, all costs and expenses associated with the prosecution of the CHURCH's claims against Defendant.

## XIV.
## BREACH OF CONTRACT

Defendant's conduct as described above constitutes a breach of contract. Defendant, without cause, justification, or excuse, breached its contract of insurance with the CHURCH and refused to pay the benefits due to the CHURCH for the covered losses suffered by the CHURCH arising out of the February 3, 2012, casualty loss. The said breach is material and has proximately caused damage to the CHURCH, for which Plaintiff now sue.

All conditions precedent to the CHURCH's right to recover damages for breach of contract have been performed or have occurred.

At all times material, the policy issued by Defendant PIIC INSURANCE COMPANY was in full force and effect. All conditions precedent to Defendant PIIC INSURANCE COMPANY's liability under the policy have occurred or

been performed. Accordingly, the benefits due the CHURCH under the policy are due and payable and the CHURCH is entitled to recover the damages and/or sums set forth in the paragraph entitled, **DAMAGES**, *infra*, from Defendant PIIC INSURANCE COMPANY.

The CHURCH has fully performed its obligations pursuant to the agreement, and has fully performed every condition, obligation, or act required of them under the contract.

The acts above described and complained of were willfully, intentionally, unlawfully, and maliciously done by Defendant, as a result of which acts the CHURCH is entitled to and hereby sues for exemplary or punitive damages.

The CHURCH presented its claim to Defendant more than thirty (30) days preceding the filing of this action, but the amount owing was not tendered to the CHURCH. The CHURCH is entitled to recover necessary and reasonable attorney's fees for the prosecution of this action from Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY under the provisions of, *inter alia*, Chapter 38 of the Texas Civil Practices and Remedies Code.

## XV.
## DAMAGES

As a direct and proximate result of the Defendant's acts of breaching its agreement and Defendant's actionable torts perpetrated on the CHURCH, Plaintiff sustained economic damages as well as loss of contributions. Plaintiff, therefore, claims general damages in a sum in excess of the minimum jurisdictional limits of the Court and sue for the actual damages caused by Defendant's acts in an amount far in excess of the court's minimal jurisdictional limits.

In addition, as a direct and proximate result of the breach of contract, and/or actionable conduct and/or omission(s) on the part of the Defendant(s),

PLAINTIFF'S ORIGINAL PETITION                JURY

Plaintiff is entitled to recover at least the following legal damages:

(1) cost of repairs, replacement parts, materials, and related services, supplies, paint, and labor, and construction and restoration management fees to restore or repair the structure and interior of the Plaintiff's business property (the *res / the Insured Premises*), as caused by the covered casualty loss of February 3, 2012, in the sum of at least $2,000,000.00;

(2) cost of temporary repairs and measures taken to mitigate the damage to the Plaintiff's business property (the *res*) in the sum of at least $25,000.00;

(3) cost of replacement of the contents of the Plaintiff's business property (the *res*) damaged by the casualty loss of February 3, 2012, in the sum of at least $250,000.00;

(4) additional expenses in the sum of at least $125,000.00;

(5) additional cost of repairs, replacement parts, materials, and related services, supplies, paint, and labor, and construction and restoration management fees to restore or repair the structure and interior of the Plaintiff's business property (the *res*), as caused by the Defendant's delay or refusal to make payment of the entire covered casualty loss;

(6) Loss of contributions in the past; and

(7) Loss of contributions which, in all reasonable probability, will be suffered in the future.

By reason of the above and foregoing, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this honorable Court, of more than $1,000,000.00, for which damages Plaintiff now sues.

## XVI.
## ATTORNEY'S FEES

The CHURCH, Plaintiff, is entitled to recover the reasonable attorney's fees necessary for the prosecution of the claims herein, expert witness fees, together with pre-judgment and post-judgment interest and costs of court.

Plaintiff was compelled to employ an attorney to bring this action against Defendant for the reasons presented in the above-entitled cause, and for that purpose, Plaintiff has retained the services of the law firm of HUGO XAVIER

PLAINTIFF'S ORIGINAL PETITION                                                    JURY

DE LOS SANTOS, ATTORNEY AT LAW, of the City of San Antonio, Bexar County, Texas, and has agreed to pay a reasonable fee for such legal services.

Plaintiff is entitled to recover reasonable and necessary attorney's fees for the attorney's serves through the trial of this action.

Additionally, Plaintiff is entitled to recover attorney's fees through the appellate courts at all stages.

Plaintiff is entitled to recover attorney's fees pursuant to, *inter alia*, Chapter 38 of the Texas Civil Practice and Remedies Code.

## XVII.
## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

## XVIII.
## PRAYER -- CLAIM FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC. prays, requests and demands that Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY [PIIC INSURANCE COMPANY] be duly cited to appear and answer herein, and that upon a final trial of this cause on the merits, Plaintiff have and recover:

1. Judgment against Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY for Plaintiff's damages;

2. Judgment against Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY for exemplary damages in an amount within the jurisdictional limits of this honorable court;

3. Prejudgment and postjudgment interest as provided by law;

4. A reasonable sum for attorney's fees, as found by the trier of fact, with conditional sums for the services of Plaintiff's attorney in the event of subsequent appeals;

5. Costs of suit; and

6. Such other and further relief, at law or in equity, to which Plaintiff may be

entitled or as the Court finds proper.

Respectfully submitted,

***HUGO XAVIER DE LOS SANTOS***
***Attorney at Law & C.P.A.***
900 Vance Jackson Road
San Antonio, Texas 78201
(210) 736-4227     FAX# (210) 737-1556
eMail: dlS.Law.Firm@aol.com *(Fax Preferred)*

Date: February 2, 2016

By: _____
HUGO XAVIER DE LOS SANTOS, ESQ., C.P.A.
Texas Bar Identification #05653300

Attorney for WOODLAWN CHRISTIAN CHURCH OF SAN ANTONIO, INC., Plaintiff

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*